IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAJUAN OTIESS CLAYTON LETTERINGS, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No.  CIV-24-1008-JD ) |
| BANK OF AMERICA BANK ONE, | ) ) ) |
| Defendant. | ) ) |

## ORDER

Before the Court is Plaintiff's application for leave to proceed in forma pauperis—that is, without prepaying fees or costs. Doc. 2.[1] United States District Judge Jodi W. Dishman referred this motion to the undersigned Magistrate Judge under 28 U.S.C. §§ 636(b)(1)(B), (C). Doc. 3.

The filing fee in civil cases is presently $405.00.[2] A court has discretion under 28 U.S.C. § 1915(a) in deciding whether to grant a civil litigant permission to proceed in forma pauperis. *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *see also Grimes v. TCF Bank*, 769 F.

---

[1]  Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

[2]  The filing fee is $350.00. *See* 28 U.S.C. § 1914(a). In addition, an administrative fee of $55.00 must be paid. *See Judicial Conf. Sched. of Fees, Dist. Ct. Misc. Fee Sched.* ¶ 14.

App'x 659, 660 (10th Cir. 2019) (reviewing a district court order denying an in forma pauperis application for an abuse of discretion). "Section 1915(a) applies to all persons applying for [in forma pauperis] status, and not just to prisoners." *Lister*, 408 F.3d at 1312.

Proceeding in forma pauperis "in a civil case is a privilege, not a right—fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). To succeed on a motion to proceed in forma pauperis, the movant must show a financial inability to pay the required filing fees. *Lister*, 408 F.3d at 1312. Factors the Court may consider in exercising its discretion include: "whether the complaint is frivolous or malicious; whether the case concerns a prisoner, with special concern placed on prisoner complaints; and the nature of the mandatory and discretionary demands on the applicant's financial resources." *Brewer v. City of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. 2002) (internal citations omitted).

Turning to the first factor, Plaintiff, proceeding pro se, sues Bank of America Bank One because "there claiming its not [his] bank." Doc. 1, at 7. Plaintiff is not a prisoner, and therefore the special concerns attendant to prisoner cases do not apply. As for the final factor, Plaintiff does not reveal any source of income, and he does not explain how he provides for his daily needs

like housing or transportation—or whether someone else provides for Plaintiff's daily needs. Doc. 2.

The Court ordered Plaintiff to supplement his application with the missing financial information by October 17, 2024. Doc. 4. The Court advised Plaintiff that, if he is married, he must provide his spouse's income and explain any contributions he or she makes to regular household expenses. *Id.* at 2 (citing *Zhu v. Countrywide Realty Co.*, 148 F. Supp. 2d 1154, 1155 (D. Kan. 2001)). To date, Plaintiff has not supplemented his application, nor has he shown good cause for his failure to do so or requested an extension of time to comply with the Court's order.[3]

Because Plaintiff has not provided enough information to show he is unable to pay the filing fee, the undersigned recommends the Court deny Plaintiff's in forma pauperis motion. Doc. 2. The undersigned further recommends that this action be dismissed without prejudice to refiling if Plaintiff does not pay the $405.00 filing fee in full to the Clerk of the Court within twenty-one days of any order adopting this Report and Recommendation,. *See* LCvR 3.3(e).

---

[3] The postal service did not return this order to the Court as undeliverable. The undersigned thus assumes it was delivered to Plaintiff at his last known address. *See* LCvR5.4(a) ("Papers sent by the court will be deemed delivered if sent to the last known address given to the court.").

The undersigned advises Plaintiff of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Any such objection must be filed with the Clerk of the Court on or before November 1, 2024. The Court further advises Plaintiff that failure to make timely objection to this Report and Recommendation waives his right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 18th day of October, 2024.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE